UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | |
|---|---|
| TOUZI TECH, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>BIOFUEL MINING, INC.,<br><br>    Defendant. | Civil No. 3:22-cv-00008-GFVT<br><br>**MEMORANDUM OPINION**<br>**&**<br>**ORDER** |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court on the Defendant's motion asking the Court to hold the preliminary injunction hearing scheduled in this matter in abeyance. [R. 13.] The parties disagree over whether their agreement, which requires disputes to be resolved through arbitration, allows this Court to grant preliminary injunctive relief. For the reasons set forth below, the Defendant's motion [R. 13] will be **DENIED**.

**I**

The Plaintiff, Touzi Tech, brought this action asking the Court for a preliminary injunction and writ of possession. [R. 1 at 4-8.] It alleges the Defendant, BioFuel, is in breach of the parties' bitcoin mining agreement and that the Defendant is currently using Touzi's equipment for its own purposes. *Id.* at 2-4. The Court scheduled a hearing on the requested injunctive relief, which is scheduled for February 11, 2022. The Defendant asks the Court to hold the hearing in abeyance because the parties agreed to mandatory arbitration. [R. 13-1 at 2-4.] The parties' agreement states that disputes will be resolved through arbitration, but that "any

federal or state court sitting in the County of Frankfort, Commonwealth of Kentucky" has jurisdiction over "pre-award relief."[1]  [R. 5-3 at 8.]

The Plaintiff's response notes that the Defendant does not address the provision stating specific courts have jurisdiction over "pre-award relief." [R. 16 at 1.]  The Plaintiff emphasizes that they are asking this Court to grant injunctive relief, not resolve the merits of their contract dispute with the Defendant. *Id.* at 1-2.  Therefore, the Plaintiff argues "this Court's jurisdiction over injunctive relief at this stage is in fact part of the parties' agreement." *Id.* at 2.

## II

The Federal Arbitration Act ("FAA") governs and enforces "agreement[s] in writing to submit to arbitration."  9 U.S.C. § 2.  Further, it applies "to any arbitration agreement within the coverage of the Act." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983).  Because the contract at issue is a "transaction involving commerce" within the meaning of the Act, the contract, and included arbitration provision, is covered by the FAA.  9 U.S.C. § 2.  The FAA states in part:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3.  In spite of the strong federal policy favoring arbitration, the Supreme Court has made clear that "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *AT & T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 648 (1986) (citations omitted).  Accordingly, when determining

---

[1] The Court notes that Frankfort is a city sitting in Franklin County, Kentucky. As the only federal court in Franklin County, this Court would be one of the agreed venues whether the parties meant the City of Frankfort or Franklin County.

2

whether to stay or compel arbitration under the Act, a court's first task is to determine whether the parties agreed to arbitrate.  *See Stout v. J.D. Byrider,* 228 F.3d 709, 714 (6th Cir. 2000).  Federal courts use "general state-law principles of contract interpretation to the interpretation of an arbitration agreement," such as enforcing the plain and commonly used meaning of contract terms.  *Samaan v. Gen. Dynamics Land Sys.*, 835 F.3d 593, 601 (6th Cir. 2016) (citations omitted).

      The plain, common interpretation of the contract at issue shows the parties did not agree to arbitrate claims for injunctive relief.  In fact, they agreed *not* to arbitrate such claims by agreeing that courts in "Frankfort" County could grant pre-award relief.  Though "pre-award relief" is not a common legal term, its plain meaning is relief given before the ultimate award.  Effectively, preliminary relief.  Preliminary relief would include the requested injunctive relief in this matter, as a preliminary injunction and writ of possession, if granted, would be relief given by this Court before the merits are adjudicated and an ultimate award is granted.  The Court is aware of, and the Defendant presents, no other reasonable interpretation of this term.

      The Defendant asks the Court to hold any proceeding in this matter "in abeyance until arbitration is complete."  [R. 13-1 at 2.]  But interpreting the contract as requiring such a stay would make the parties' agreement that courts in "Frankfort" County have jurisdiction over "pre-award relief" meaningless.  [R. 5-3 at 8.]  If those courts could not grant "pre-award relief" until arbitration was complete, the litigation would no longer be "pre-award."  Courts are to adopt the interpretation that gives a contract's terms meaning, not one which renders a term meaningless.  *See EQT Gathering, LLC v. Big Sandy Co.*, No. 2015-ca-000490-MR, 2016 Ky. App. Unpub. LEXIS 493, *13 (Ky. Ct. App. July 22, 2016) (citing *Harbison-Walker Refractories Co. v. United Brick and Clay Workers of America, AFL-CIO Local No. 702*, 339 S.W.2d 933, 935 (Ky.

1960)). "The issue involved"—whether the Plaintiff is entitled to injunctive relief—is not "referable to arbitration" under the parties' agreement. 9 U.S.C. § 3. Therefore, the FAA does not require the Court to stay the proceedings in this action. *Id.*; *see also Lexel Imaging Sys. v. Video Display Corp.*, No. 5:14-cv-462-KKC, 2015 U.S. Dist. LEXIS 11199, *2 (E.D. Ky. Jan. 28, 2015) (exercising jurisdiction over a request for injunctive relief when the parties' agreement required arbitration of disputes but permitted the parties to seek injunctive relief in court).

Further, the Court would be able to grant injunctive relief even if the contract did not specify the Court has jurisdiction over "pre-award relief." "In a dispute subject to mandatory arbitration under the Federal Arbitration Act, a district court has subject matter jurisdiction under § 3 of the Act to grant preliminary injunctive relief provided that the party seeking the relief satisfies the four criteria which are prerequisites to the grant of such relief." *Performance Unlimited v. Questar Publishers*, 52 F.3d 1373, 1380 (6th Cir. 1995). If the Plaintiff proves they are entitled to injunctive relief, the Court can grant that relief. Therefore, there are no grounds on which to stay the scheduled hearing.

### III

A plain reading of the terms of the parties' agreement clearly gives this Court jurisdiction over the Plaintiff's requested relief. Even without this term, the Court would be able to grant preliminary injunctive relief if the Plaintiff shows they are entitled to it. The purpose of the scheduled hearing is to determine whether the requested relief is warranted. Accordingly, the Court **DENIES** the Defendant's motion to stay the hearing for preliminary injunction and writ of possession. **[R. 13.]**

This the 28th day of January, 2022.

Gregory F. Van Tatenhove
United States District Judge