UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | | |
|---|---|---|
| TOUZI TECH LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 3:22-cv-00008-GFVT |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| BIOFUEL MINING, INC., | ) | **&** |
| | ) | **ORDER** |
| Defendant. | ) | |

\*\*\*    \*\*\*    \*\*\*    \*\*\*

This matter is before the Court on the parties' cross-motions to enforce their settlement agreement. [R. 48; R. 50.] The Court referred the dispute to Magistrate Judge Atkins, who prepared a Report and Recommendation. [R. 52.] Touzi objects to the recommendation. [R. 53.] Biofuel asks the Court to strike the objection to the recommendation and to impose sanctions. [R. 54.] For the reasons that follow, the Court **ADOPTS** the recommendation **[R. 52]** and **DENIES** Biofuel's motion for sanctions **[R. 54]**.

**I**

Biofuel and Touzi contracted for Biofuel to conduct bitcoin mining on Touzi's behalf. [R. 1 at 2.] Touzi brought this action alleging that Biofuel breached that agreement. *Id.* at 3-4. It sought a preliminary injunction and a writ of possession. *Id.* at 4-7. The Court held a hearing on the request for injunctive relief, at which the parties indicated that they had reached a settlement. [R. 8; R. 24.] The parties read the terms of the agreement into the record. [R. 33 at 1-4.] The Court directed the parties to file an agreed order of dismissal within ten days. [R. 24.]

This peace was short lived. The parties failed to file an agreed order of dismissal and instead filed separate status reports explaining their respective positions on the terms of the

settlement. [R. 25; R. 26.] Biofuel moved to enforce the settlement and Touzi filed a notice of voluntary dismissal. [R. 27; R. 28.] The Court referred the dispute to Judge Atkins. [R. 31.] He recommended that the settlement be enforced. [R. 44.] His recommendation incorporated a transcript of the terms of the agreement as stated on the record. *Id.* at 4-5. Over Touzi's objection, the Court adopted the recommendation and found that the parties entered a binding settlement agreement. [R. 47.]

Biofuel then filed a second motion to enforce the settlement agreement. [R. 48.] It seeks an order "mandating enforcement of the settlement and giving 11/01/22 as the final date for full and complete payment of $50,000.00." [R. 48.] In response, Touzi filed a cross-motion to enforce the agreement. [R. 50.] It argues that it does not owe Biofuel the settlement amount of $60,000, to be reimbursed up to $10,000 for the cost of shipping. *Id.* The agreement granted Touzi a ten-day right to inspect the equipment. [R. 44 at 4.] Touzi argues that its obligation to pay Biofuel the settlement amount was contingent on a satisfactory inspection. [R. 50 at 3-5.] Upon inspection, it discovered that forty-nine of its machines are non-functioning and seven are missing. *Id.* at 1. It claims that it should be permitted to "deduct from the settlement amount or from the monies paid its repair cost." *Id.* at 4. "The cost of the repairs and the value of the missing machines exceed any amount owed to BioFuel," so Touzi believes it need not pay Biofuel any of the $60,000 settlement amount. *Id.* at 2.

Judge Atkins recommends that the Court grant Biofuel's Motion to Enforce and deny Touzi's. [R. 52.] He concluded that "[t]he contractual terms are quite unambiguous." *Id.* at 7. "Touzi agreed to issue to Biofuel 'a promissory note for $60,000 to be reimbursed up to $10,000 for shipping, [to be] paid over six months.' . . . No condition was made for this payment." *Id.* at 8 (citing R. 33 at 2-4; R. 44 at 4-5). Accordingly, "[b]ecause the parties' settlement agreement

2

does not condition the $60,000 payment on a satisfactory inspection of Touzi's equipment, and since the undersigned is prohibited from 'remak[ing] contracts for parties and creat[ing] ambiguity where none exists[,]' Touzi owes Biofuel $60,000." *Id.* at 9 (quoting *Hensley v. Gadd*, 560 S.W.3d 516, 522 (Ky. 2018)). He recommends that the Court grant Touzi's Motion to Enforce and direct Touzi to pay Biofuel $60,000 and that, upon receipt Biofuel be directed to reimburse Touzi for shipping costs up to $10,000. *Id.* at 10.

Touzi objects to this recommendation. [R. 53.] It argues that the recommendation errs in three ways: (1) it does not address Biofuel's failure to return all of Touzi's equipment, (2) it erroneously concludes that Biofuel's right to payment is not conditioned on Touzi's satisfactory inspection of its equipment, and (3) it improperly concludes that Touzi must pay Biofuel to avoid breaching the implied duty of good faith and fair dealing. *Id.* at 1-2. Biofuel moved to strike this objection and to impose sanctions, claiming it is duplicative and in bad faith. [R. 54.]

## II

### A

The Court first turns to Biofuel's Motion to Strike Touzi's objections and to impose sanctions. [R. 54.] It claims that the objection is "duplicative of many previous filings made by Touzi in an attempt to delay enforcement of the parties' settlement and adds nothing to the record." *Id.* at 1. It also seeks sanctions, arguing that counsel for Touzi "is intentionally acting in bad faith by aiding and abetting its client in ignoring the repeated rulings of the Court." *Id.* at 2.

The issues Touzi raises in its objection are not "already clearly resolved." *See id.* at 4 (quoting *Martin v. Comm'r of Internal Revenue*, 756 F.2d 38, 41 (6th Cir. 1985)). Touzi's objection takes specific issue with Judge Atkins's interpretation of the relation—or lack

3

thereof—between Terms 3 and 5 of the settlement agreement. [*See* R. 53 at 1-2.] This issue has not been previously addressed nor resolved beyond the report and recommendation, to which Touzi is entitled to object. There is also no indication that the objection is motivated by delay, harassment, or any other improper purpose. Touzi was well within its right to object and there are no grounds to sanction Touzi's counsel.

There is also no reason to strike Touzi's objection. Rule 12(f) permits the Court to strike "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" from a pleading. Fed. R. Civ. P. 12(f). As explained above, the objection is not redundant and is properly raised. Biofuel does not explain how the objection is "immaterial, impertinent, or scandalous." *Id.* Accordingly, the Court will not strike the objection and will consider the arguments presented therein.

**B**

Now, the Court turns to Touzi's objection. [R. 53.] Under Federal Rule of Civil Procedure 72(b)(2), a petitioner has fourteen days after service of the Report and Recommendation to file any objections or else waives its rights to appeal. In order to receive *de novo* review by this Court, any objection to the recommended disposition must be specific. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). A specific objection must "explain and cite specific portions of the report which [defendant] deem[s] problematic." *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) (internal quotations and citations omitted). Touzi's objections are sufficiently specific to trigger *de novo* review. *See* 28 U.S.C. § 636(b)(1)(C).

Touzi first argues that Judge Atkins's recommendation fails to address its inability to recover some of its mining equipment. [R. 53 at 2-3.] Term 4 of the settlement entitles it to "receive its equipment from Biofuel." *Id.* at 3. Invoking Kentucky contract law, Touzi asserts

4

that "the party first guilty of a breach of contract cannot complain if the other party thereafter refuses to perform. *Id.* (citing *Mostert v. Mostert Group LLC*, 606 S.W.3d 87, 94 (Ky. 2020)). It claims that Biofuel failed to perform by refusing to return all of the equipment, allowing Touzi to "treat this action as a breach, to abandon the contract, and to depart from further performance on its own part." *Id.* To remedy this, Touzi asks the Court to "find that Touzi is entitled to the return of all of its equipment and allowed to deduct from the settlement proceeds its missing equipment." [R. 50 at 5.]

Touzi's objection is the first time it frames Biofuel's conduct as a breach of the agreement. [*See* R. 27; R. 45; R. 50.] Until now, it has framed the missing and broken equipment as grounds to offset its obligation to pay Biofuel the settlement amount. [R. 50 at 3-5.] The recommendation resolved the issue presented in Touzi's motion to enforce: whether its unsatisfactory inspection of its equipment entitled it to offset the settlement amount with its damages. [R. 52.] The issue Touzi now presents—whether Biofuel breached the agreement—was not before Judge Atkins. Accordingly, he did not err in not considering this argument and the issue of breach is not properly before this Court. *See Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000).

### C

Second, Touzi argues that the recommendation incorrectly interprets the meaning of the right of inspection, which is Term 5 to the settlement. [R. 53 at 3-6.] It emphasizes that the Court's role is to effectuate the parties' intent when an agreement's language is ambiguous. *Id.* at 3-4. Touzi claims that the right to inspection would be meaningless if it was unable to deduct the costs of repairs from what it owes to Biofuel. *Id.* at 5. It believes that its obligation to pay the settlement amount (Term 3) is contingent on a satisfactory inspection of the equipment per

5

Term 5.

Judge Atkins concluded that the terms are not contingent. He reasoned that the plain language of the agreement was not ambiguous and did not condition Touzi's payment of $60,000 to Biofuel on a satisfactory inspection of the equipment. [R. 52 at 8-9.] The parties could have agreed to such a term, but their stated terms do not include that condition, nor are they ambiguous. *Id.* Therefore, Judge Atkins found that an unsatisfactory inspection of the equipment does not entitle Touzi to offset its damages from the settlement amount. *Id.*

Touzi objects, emphasizing that the Court's obligation is to "effectuate the intent of the parties." [R. 53 at 3 (quoting *Ford Motor Co. v. Northbrook Ins. Co.*, 838 F.2d 829, 832 (6th Cir. 1988)).] It claims its intention in agreeing to these terms was to "allow BioFuel to retain the monies advanced to it in exchange for the return of Touzi's equipment plus the right to inspect that equipment before shipment to ensure BioFuel's representations of repairs/maintenance were true." *Id.* at 4. Touzi believes that the right to inspection would be meaningless if an unsatisfactory inspection did not allow it to offset the settlement amount. *Id.* at 3.

"An unambiguous contract is to be construed according to the plain meaning of its terms." *Northbrook*, 838 F.2d at 831 (citing *William C. Roney & Co. v. Federal Ins. Co.*, 674 F.2d 587, 590 (6th Cir. 1982)). The agreement states that "Touzi is going to pay Biofuel 60—have a promissory note for $60,000 to be reimbursed up to $10,000 for shipping, and then this is paid over six months," and that Touzi "has a right of inspecting within ten calendar days from the date of the agreement." [R. 52 at 6 (quoting R. 33 at 2-4.] The plain meaning of these terms does not condition Touzi's duty to pay Biofuel on the inspection. The agreement is not ambiguous because it is not "susceptible to different or inconsistent interpretations." *Cantrell Supply, Inc. v. Liberty Mut. Ins. Co*., 94 S.W.3d 381, 385 (Ky. App. 2002). "When no ambiguity

6

exists in the contract, we look only as far as the four corners of the document to determine the parties' intentions." *3D Enter. Contracting Corp. v. Louisville & Jefferson Cnty. Metro. Sewer Dist.*, 174 S.W.3d 440, 448 (Ky. 2005) (citing *Hoheimer v. Hoheimer*, 30 S.W.3d 176, 178 (Ky. 2000)). The four corners of the agreement—the terms as stated on the record and adopted by the Court—do not make the $60,000 payment contingent on the right to inspection. Accordingly, Judge Atkins correctly refused to read that contingency into the agreement.

Touzi also invokes the parties' course of performance in support of its interpretation. [R. 53 at 4-5.] However, the unambiguous agreement prevents the Court from considering the parties' course of performance. *Journey Acquisition-II, L.P. v. EQT Prod. Co.*, 830 F.3d 444, 457 (6th Cir. 2016) (citing *A.L. Pickens Co. v. Youngstown Sheet & Tube Co.*, 650 F.2d 118, 120 (6th Cir. 1981)).

The Court previously found that one term of the parties' agreement is that Touzi receive its equipment from Biofuel. [*See* R. 47 at 3; R. 45 at 2-3.] Perhaps Biofuel breached that term by inadequately returning the equipment. But Touzi's motion to enforce does not seek to hold Biofuel liable for breach. Rather, it asks to *enforce* the settlement agreement by retroactively making its obligation to pay the settlement amount contingent on a satisfactory inspection of its equipment. [*See* R. 50 (entitled "Cross-Motion to Enforce the Parties' Settlement").] The terms of the agreement are unambiguous and do not include that contingency. The Court agrees with Judge Atkins's conclusion that the agreement does not provide for offsetting the settlement amount with Touzi's claimed damages.

**D**

Finally, Touzi claims that the recommendation incorrectly states that its failure to pay Biofuel breaches the implied covenant of good faith and fair dealing. [R. 53 at 6.] It again

7

emphasizes that Biofuel first breached the agreement, so it "defies logic to impose an obligation on Touzi to pay the full amount of the settlement agreement without imposing an obligation on Biofuel to return all of the expected equipment." *Id.* But as explained above, the issue of breach was not properly before Judge Atkins, nor is it properly before the undersigned. Accordingly, his observation that Touzi may breach the implied covenant of good faith and fair dealing by not paying Biofuel was not improper.

### E

Touzi filed a supplemental objection to the recommendation after its first round of objections and Biofuel's motion to strike were filed. [R. 55.] As an initial matter, Touzi is not permitted to file supplemental objections. Neither the Rules nor the recommendation provide for supplemental objections. Touzi also did not seek leave to file this objection.

Nevertheless, the objection is unfounded. Touzi claims that the recommendation is inconsistent with a prior order that indicated that the parties needed to memorialize the settlement before litigating over compliance with it. [R. 55 at 1-2 (citing R. 47).] The Court memorialized the agreement through an intervening round of motions to enforce, recommendation, and order. [*See* R. 28; R. 44; R. 47.] Accordingly, the recommendation is not inconsistent with that order because it is resolving compliance with the agreement after having established the terms of the agreement. The Court also overrules the supplemental objection.

### III

The Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. Touzi's Motion to Strike **[R. 54]** is **DENIED**;

2. Judge Atkins's Report and Recommendation **[R. 52]** is **ADOPTED** as and for the Opinion of the Court;

8

3. Touzi's Objections **[R. 53]** are **OVERRULED**;

4. Biofuel's Motion to Enforce **[R. 48]** is **GRANTED**;

5. Touzi's Cross-Motion to Enforce **[R. 50]** is **DENIED AS MOOT**; and,

6. Touzi's Supplemental Objections **[R. 55]** are **OVERRULED**.

This the 21st day of September, 2023.

Gregory F. Van Tatenhove
United States District Judge